COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

MERCEDES CHRISTINA RUSSELL

v.          Record No. 1435-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                     OCTOBER 10, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Frederick B. Lowe, Judge

          Richard C. Clark, Assistant Public Defender
          (Office of the Public Defender, on brief), for
          appellant.

          Robert B. Beasley, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


        Appellant was convicted of cruelty and injuries to children,

Code § 40.1-103, and abduction, Code § 18.2-47.  At the bench

trial, she was sentenced to five years for each offense, to run

concurrently, with two and one half years suspended.  Appellant

contends that the conviction of both offenses constitutes a

violation of the double jeopardy clause.  We disagree, and affirm

the convictions.

        At trial, witnesses testified to instances in which

appellant mistreated her children, including, <u>inter alia</u>, placing

her daughter in a box in the closet as punishment.  Based on this

testimony, the court convicted her of both cruelty and abduction.

 Appellant asserts that the restraint upon her child was

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

incidental to the cruelty charge and does not support the abduction conviction. Using a <u>Blockburger</u> analysis, we find the two charges to be separate offenses, the evidence supporting each.

The test set forth in <u>Blockburger</u> is whether each offense requires proof of an additional fact which the other does not. <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932). A single act may violate two separate statutes. <u>Id.</u> The conviction of cruelty to children required that the appellant was the custodian of the child and that she endangered the life or the health of the child or did acts that tortured, tormented, beat, or cruelly treated the child. Code § 40.1-103. The abduction conviction required that appellant detained or secreted the child with intent to deprive her of her personal liberty. Code § 18.2-47. Restraint is not required for an offense of cruelty to children; no sort of abuse is required for an offense of abduction.

Because we find the two statutes to require proof of additional facts, and therefore to be two distinct offenses, the double jeopardy clause is not offended. The convictions are affirmed.

<u>Affirmed.</u>